**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRENCE SMITH, | Civil No. 14-1595 (FLW) |
| Petitioner, | |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**APPEARANCES:**

TERRENCE SMITH, #63526-050
FCI Cumberland
P.O. Box 1000
Cumberland, MD 21501
Petitioner Pro Se

**RECEIVED**

**MAR 27 2014**

AT 8:30_____M
WILLIAM T. WALSH CLERK

**WOLFSON, District Judge**:

Terrence Smith, a federal prisoner who is presently confined at FCI Cumberland in Maryland, filed a "MOTION TO AMEND A FEDERAL SENTENCE PURSUANT TO RULE 60(b) FED. R. CIV. P." in which he asks this Court vacate a federal sentence imposed by this Court on November 28, 2012, in *United States v. Smith,* Crim. No. 11-0452-FLW-10 judgment (D.N.J. Nov. 29, 2012), and to resentence him without a career offender enhancement. (ECF No. 1 at 1, 4.) As fully explained below, this Court will deny the motion because Rule 60(b) of the Federal Rules of Civil Procedure cannot be used as an independent means to relieve a defendant of a criminal sentence. *See Gray v. United States,* 385 F.App'x 160 (3d Cir. 2010); *Feria v. United States,* Civ. No. 12-6621 (JAP), 2012 WL 5944687 (D.N.J. Nov. 26, 2012).

## I.  BACKGROUND

On June 10, 2011, the United States filed a criminal complaint charging Terrence Smith and several other persons with federal drug charges. *See United States v. Smith,* Crim. No. 11-0452-FLW-10 (D.N.J. filed June 30, 2011). An indictment and superseding indictments were later filed. On April 16, 2012, Smith entered a guilty plea to five counts, pursuant to a plea agreement. On November 28, 2012, this Court imposed a 132-month term of imprisonment. Smith appealed, and on February 12, 2013, the Third Circuit dismissed the appeal pursuant to Fed. R. App. P. 42(b).

On March 4, 2014, Smith signed and handed to prison officials for mailing to this Court a five-page document labelled "MOTION TO AMEND A FEDERAL SENTENCE PURSUANT TO RULE 60(b) FED. R. CIV. P." (ECF No. 1 at 1.) In the first sentence, Smith asks this Court to grant his motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In the body of the motion, Smith argues that this Court erroneously sentenced him as a career offender. Specifically, he contends that his prior convictions "should have been counted as one conviction for the purposes of designating him as a career offender," and that "'punish[ing]' him again for those convictions is to violate his constitutional right to protection against double jeopardy." *Id.* at 3, 4. For relief he asks "that his current federal sentence be vacated" and that "he be resentenced absent the career offender enhancement, and pursuant to the low end of his U.S.S.G. range." *Id.* at 4.

## II.  DISCUSSION

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment in a civil case under a limited set of circumstances. *See Gonzalez v. Crosby,* 545 U.S. 524, 528 (2005). Rule 60(b)(4) and (6) permit a district court to relieve a party from a final judgment when

2

"the judgment is void" or the movant shows "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4) and (6). But "Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case, because the Federal Rules of Civil Procedure are not applicable in criminal cases." *Gray*, 385 F.App'x at 162; *see also United States v. Corrigan,* C.A. No. 13-7753, 2014 WL 717530 (4th Cir. Feb. 26, 2014)); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case."); Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . ."). Although a Rule 60(b) motion may be used to set aside an order denying habeas relief in certain circumstances, such a Rule 60(b) motion is proper only where the motion "does not itself seek habeas relief." *Harris v. United States* 367 F.3d 74, 80 (2d Cir. 2004); *see also United States v. Andrews*, 463 F.App'x 169, 171-72 (3d Cir. 2012) (federal criminal defendant may pursue a Rule 60(b) motion in a § 2255 proceeding if he attacks some "'defect in the integrity of the federal habeas proceedings'") (quoting *Gonzalez*, 545 U.S. at 532).

"The appropriate vehicle for a criminal defendant seeking to challenge his or her conviction or sentence is a motion under 28 U.S.C. § 2255," not a motion under Rule 60(b) of the Federal Rules of Civil Procedure. *Gray*, 385 F.App'x at 162-63; *see also United States v. Bush*, 457 F.App'x 94, 96 (3d Cir. 2012) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.") (quoting *Lorensten v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). In this case, Smith has not filed a motion to vacate under § 2255, and he is not seeking to set aside an order denying his motion to vacate under § 2255, since he never filed a § 2255 motion. This Court will deny Smith's Rule 60(b) motion because it attacks his criminal sentence and such a challenge cannot be brought under Rule 60(b) of the

3

Federal Rules of Civil Procedure. *See Bush*, 457 F.App'x at 96; *Gray*, 385 F.App'x at 162; *Mosavi*, 138 F.3d at 1366; *Feria*, 2012 WL 5944687. The denial of Smith's Rule 60(b) motion is without prejudice to his filing a timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in a new case.[1]

### III. CONCLUSION

For the foregoing reasons, the Court denies the motion under Rule 60(b) of the Federal Rules of Civil Procedure without prejudice to the filing of a timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

_____
FREDA L. WOLFSON, U.S.D.J.

DATED: ___March 27___, 2014

---

[1] As Smith's 365-day statute of limitations for filing a § 2255 motion will not expire until June 24, 2014, *see* 28 U.S.C. § 2255(f), this Court will not recharacterize the Rule 60(b) motion as a motion under § 2255. *See Castro v. United States*, 540 U.S. 375 (2003) (holding that it is not proper for a district court to recharacterize a pro se post-judgment filing as a first motion under § 2255 without giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion).